IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| EDWIN MITCHELL PIRELLA,<br><br>    Plaintiff,<br><br>vs.<br><br>SCOTT CARVER, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING SECOND MOTION TO RECONSIDER<br><br><br><br>Case No. 2:08-CV-556 TS |

    This case was dismissed without prejudice on December 5, 2008, for the failure to comply with Court's order to submit an initial partial filing fee. Plaintiff Edwin Pirella, acting pro se, filed a Motion to Reconsider which was denied on February 22, 2008. He now files a document styled "Object to Order of Dismissal." Construing his pro se documents liberally, the Court construes the document as a second Motion to Reconsider. A motion to reconsider filed within ten days of entry of judgment or an order is actually a motion for a new trial under Fed. R. Civ. P. 54(e). Plaintiff mailed his Second Motion on February 19, 2008.

    Grounds warranting relief under Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear

1

error or prevent manifest injustice.  Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.  It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[1]

In his Second Motion to Reconsider, Plaintiff contends that his case should not have been closed because he filed a Consent to Collection of Fees from Inmate Account.  This is an argument that he made in his first Motion to Reconsider.  Further, it is up to the inmate to negotiate with inmate accounting regarding the fees.  Plaintiff apparently did not do so because the fees were not paid, despite the court's October 1, 2008 Order to Show Cause why the case should not be dismissed for failure to pay.

Plaintiff has not stated grounds for reconsideration. Instead he merely revisits an argument he has already advanced.

Plaintiff is cautioned that further filings in this closed case that raise issues that have previously been resolved against him may be deemed to be a meritless filing and "may result in summary disposition without discussion and an order asking him to show cause why this court should not limit his future filings."[2]  It is therefore

---

[1] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (other citations omitted)).

[2] *United States v. Evans,* 248 Fed. Appx. 53, 57, 2007 WL 2694046, 3 (10th Cir. 2007).

ORDERED that Plaintiff's Second Motion to Reconsider (Docket No. 18) is DENIED.

DATED   March 16, 2009.

>BY THE COURT:

>_____
>TED STEWART
>United States District Judge